UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - -
DECORATIVE HARDWARE STUDIO, INC.,

                              Plaintiff,                        17-2317

    -against-                                  **COMPLAINT**

STAIR-HOLD INC. d/b/a ZOROUFY,          **JURY TRIAL DEMANDED**

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff, Decorative Hardware Studio, Inc., by its attorney, Peter M. Levine, for its Complaint, states:

## INTRODUCTION

1.    Plaintiff, an innovative designer and manufacturer of high-quality decorative hardware, adorns a carpet rod bracket with a unique design, which has been registered as a trademark in the United States Patent and Trademark Office. Defendant has copied plaintiff's trademark. Plaintiff seeks injunctive relief and damages for defendant's acts of trademark infringement, counterfeiting, and unfair competition.

## THE PARTIES

2.    Plaintiff is a corporation organized and existing under the laws of the State of New York with its principal place of business at 180 Hunts Lane, Chappaqua, New York 10514.

3.    Upon information and belief, defendant Stair-Hold Inc. is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business at 2140 West Greenview Drive, Middleton, Wisconsin 53562.

4.    Upon information and belief, Stair-Hold Inc. does business under the trade name Zoroufy.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of the claims brought under the Trademark Laws of the United States, 15 U.S.C. § 1051, *et seq.,* by virtue of 15 U.S.C.§ 1121 and 28 U.S.C. § 1338(a).

6. This Court has supplemental jurisdiction over the claim for unfair competition by virtue of 28 U.S.C. § 1338(b), as this claim is related to or forms part of the claims brought under the Trademark Laws of the United States.

7. This Court has jurisdiction over the person of defendant by virtue of section 302 of the New York Civil Practice Law & Rules, because defendant has

 (a) transacted business in the State of New York, and plaintiff's claims ariseout of that transaction of business; or

 (b) committed tortious acts within the State of New York, and plaintiff's claims arise out of those tortious acts; or

 (c) committed tortious acts outside the State of New York causing injury toplaintiff within the State, and defendant at all times relevant (i) regularly did or solicited business or derived substantial revenue from goods used or consumed or services rendered in the State of New York or (ii) expected or should reasonably have expected the acts to have consequences in the State of New York and derives substantial revenue from interstate or international commerce, and plaintiff's claims arise out of those tortious acts.

8. Venue is proper in this District by virtue of 28 U.S.C. § 1391.

## OPERATIVE FACTS

### Plaintiff's Business

9. Continuously in business since 1976, plaintiff designs, manufactures, and sells a wide assortment of decorative hardware, including carpet rods.

10. Carpet rods, also known as stair rods, provide a decorative feature to a carpet runner on a stair case. A carpet rod assembly consists of a long cylindrical rod mounted on two brackets, each bolted to the stair on the outside of the carpet runner.

11. Carpet rods are not associated with any particular design motif. Any number of designs can be used to adorn a carpet rod bracket.

12. Plaintiff began selling carpet rods in 1982 and contributed significantly to the creation of a mass market for the product by being the first to offer an array of styles at uniform prices and the first to manufacture at high volume rather than custom fabricate for individual orders.

13. Plaintiff has acquired an excellent reputation because of the uniformly high quality of its products. Architects and designers often specify plaintiff's products.

14. On February 1, 1983, plaintiff began to adorn the top portion of certain of its carpet rod brackets with a stylized acanthus design (the "Acanthus Bracket") and became the first mass manufacturer to adorn the top portion of a carpet rod bracket with a design. **Exhibit 1.**

15. Acanthus is the common name for a member of the Acanthaceae, a family of chiefly perennial herbs and shrubs, mostly native to the tropics. A few members of the family, many of which have decorative spiny leaves, are cultivated as ornamentals, particularly the Mediterranean acanthus. The ornate leaves of the Mediterranean acanthus

were the source of a stylized motif used in Greek and Roman art, especially on the capitals of Corinthian columns. In Christian art, the acanthus symbolizes heaven.

16. The Acanthus Bracket immediately set plaintiff's products apart from the products of other carpet rod manufacturers, which sold smooth-style brackets. Until late 2000, only plaintiff sold a carpet rod bracket adorned with a design. To this day, most brackets display a smooth top portion.

17. Soon after its introduction, the Acanthus Bracket became plaintiff's flagship product. The Acanthus Bracket has been installed at such high-end retail stores as Henri Bendel, in the Plaza Hotel, and in United Nations embassies.

18. In 1984, plaintiff's president and designer, Ronald Prezner, received a Roscoe Award, which is to interior design as an Oscar is to motion pictures, for the Acanthus Bracket.

19. Plaintiff's Acanthus Bracket is distinguished not only by its unique design but also by it high quality. The details of the Acanthus Bracket are precisely chiseled with jeweler's tools and refined with a hand-rubbed finish.

**The ACANTHUS Trademark**

20. Plaintiff owns the mark registered in the United States Patent and Trademark Office on the Principal Register as Registration No. 3,322,100 (the "ACANTHUS Trademark"). **Exhibit 2.**

21. The Registration for the ACANTHUS Trademark is for "metal carpet and stair rods for securing carpet to floors and stairs" in International Class 6.

22. The Registration for the ACANTHUS Trademark is now outstanding and validly subsisting.

23. The ACANTHUS Trademark has been continuously used in interstate commerce in connection with the sale of carpet rods since February 1, 1983.

24. Plaintiff has expended a substantial amount of effort, money, and other resources developing, manufacturing, distributing, and promoting the products sold under the ACANTHUS Trademark. Plaintiff attends trade shows in the United States each year, distributes display boards and brochures to design centers and carpet houses, and operates a website, www.decorativehardwarestudio.com.

25. Plaintiff has spent considerable funds educating the public to associate the ACANTHUS Trademark with plaintiff and plaintiff's products. For example, plaintiff prominently displays the Acanthus Bracket on its website, in product brochures, at trade shows, and on display boards.

26. The ACANTHUS Trademark is closely associated with plaintiff, and the ACANTHUS Trademark designates the source of products sold by plaintiff.

27. Plaintiff derives substantial economic benefit from the sale of carpet rods bearing the ACANTHUS Trademark, which has become a valuable symbol of plaintiff's goodwill.

**Defendant's Infringement of the ACANTHUS Trademark**

28. Defendant designs, imports, and sells carpet rods.

29. Defendant offers and sells its products in this District and elsewhere in the United States.

30. Without plaintiff's consent, defendant is using in commerce an imitation of the Acanthus Trademark in connection with the sale, offering for sale, distribution, and promotion of carpet rods that are not the product of plaintiff, specifically the Dynasty

Decorative Bracket, which is shown on defendant's web site. **Exhibit 3.** A juxtaposition of plaintiff's Acanthus Bracket and defendant's imitative bracket is shown in **Exhibit 4.**

      31.    Defendant's use of an imitation of the ACANTHUS Trademark intrudes into the same field and markets as plaintiff's business.

      32.    Defendant's use of an imitation of the ACANTHUS Trademark is likely to cause confusion or mistake among customers in this District and elsewhere in the United States as to the source of origin or sponsorship of carpet rods, deceive customers into believing that defendant's products originate with, are sponsored or endorsed by, or are affiliated or in some way connected with plaintiff, and create the impression that plaintiff is responsible for the quality of carpet rods sold by defendant, when that is not, in fact, the case.

      33.    Upon information and belief, defendant deliberately copied plaintiff's ACANTHUS Trademark. Defendant, able to choose from an infinity of designs unrelated to an acanthus, nonetheless designed and deliberately decided to use an imitation of the ACANTHUS Trademark.

      34.    Upon information and belief, defendant acted in bad faith and with the intent to cause injury to plaintiff, to deceive and mislead the purchasing public, to trade on the goodwill and reputation of plaintiff, to wrongfully obtain sales that should rightfully be plaintiff's, and to wrongfully appropriate valuable property rights of plaintiff.

      35.    Defendant's infringement of the ACANTHUS Trademark has been deliberate and willful.

## FIRST CLAIM
### (Infringement of the ACANTHUS Trademark)

36. All prior averments are repeated.

37. Defendant's use of an imitation of the ACANTHUS Trademark constitutes an infringement of the ACANTHUS Trademark in violation of section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

38. Defendant is liable to plaintiff for the infringement of the ACANTHUS TRADEMARK.

39. Defendant's conduct has damaged plaintiff and will, unless enjoined, further impair, if not destroy, the value of the ACANTHUS Trademark.

40. Plaintiff has no adequate remedy at law.

## SECOND CLAIM
### (False Designation of Origin)

41. All prior averments are repeated.

42. Defendant's use of an imitation of the ACANTHUS Trademark constitutes a false designation of origin, or a false or misleading description of fact, or a false or misleading representation of fact, in violation of the Trademark Laws of the United States, specifically 15 U.S.C. § 1125(a).

43. Defendant is liable to plaintiff for false designation of origin.

44. Because of defendant's conduct, plaintiff has suffered and will continue to suffer damage to its reputation and goodwill, and defendant's conduct will, unless enjoined, impair, if not destroy, the value of the ACANTHUS Trademark.

45. Plaintiff has no adequate remedy at law.

## THIRD CLAIM
### (Use of Counterfeit Versions of the ACANTHUS Trademark)

46. All prior averments are repeated.

47. Defendant is using in commerce counterfeit versions of the ACANTHUS Trademark that defendant knows are counterfeits.

48. The use of counterfeit versions of the ACANTHUS Trademark by defendant violates section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

49. Defendant's use of counterfeit versions of the ACANTHUS Trademark has been willful.

50. Defendant is liable to plaintiff for the willful use of counterfeit versions of the ACANTHUS Trademark.

51. Plaintiff is entitled to recover from defendant all profits and damages resulting from defendant's infringing activities or, in the alternative, statutory damages as provided by 15 U.S.C. § 1117.

## FOURTH CLAIM
### (Unfair Competition)

52. All prior averments are repeated.

53. Defendant's acts constitute unfair competition in violation of the common law of the State of New York.

54. Unless enjoined by this Court, defendant's acts will continue to unjustly enrich defendant and to substantially damage plaintiff's reputation, goodwill, and valuable property rights in the ACANTHUS Trademark.

55. Plaintiff has no adequate remedy at law.

WHEREFORE, plaintiff demands judgment against defendant as follows:

A.   *on the First and Second, Claims:*

(i)   enjoining defendant from using the ACANTHUS Trademark in any form or any other design confusingly similar thereto,

(ii)   directing defendant to deliver up all products in its possession or under its control that bear the ACANTHUS Trademark in any form or any other design confusingly similar thereto,

(iii)   directing defendant to deliver up all catalogues, advertisements, and other materials bearing the ACANTHUS Trademark in any form or any other design confusingly similar thereto,

(iv)   directing defendant to remove from any web site established, registered, or maintained in the United States by or on behalf of defendant all displays of any product bearing the ACANTHUS Trademark in any form or any other design confusingly similar thereto,

(v)   directing defendant to account to plaintiff for any and all profits derived by defendant and all damages sustained by plaintiff by reason of defendant's acts of infringement,

(vi)   awarding to plaintiff compensatory damages in the sum of (a) three times the sum of defendant's profits plus (b) plaintiff's damages, with interest thereon,

(vii)   awarding to plaintiff counsel fees as provided by 15 U.S.C. § 1117(a);

B.   *on the Third Claim:*

(i)   directing defendant to account to plaintiff for any and all profits derived by defendant and all damages sustained by plaintiff by reason of defendant's acts of infringement, or, in the alternative,

(ii)   awarding to plaintiff statutory damages as provided by 15 U.S.C.

§1117(c)(1) and increasing the award of damages as provided by 15 U.S.C. § 1117(c)(2),

    (iii) awarding to plaintiff counsel fees as provided by 15 U.S.C. § 1117(a);

  C. *on the Fourth Claim*:

    (i) enjoining defendant from using the ACANTHUS Trademark in any form or any other design confusingly similar thereto,

    (ii) directing defendant to deliver up all products in its possession or under its control that bear the ACANTHUS Trademark in any form or any other design confusingly similar thereto,

    (iii) directing defendant to deliver up all catalogues, advertisements, and other materials displying the ACANTHUS Trademark in any form or any other design confusingly similar thereto,

    (iv) directing defendant to remove from any web site established, registered, or maintained in the United States by or on behalf of defendant all displays of any product bearing the ACANTHUS Trademark in any form or any other design confusingly similar thereto,

    (v) directing defendant to account to plaintiff for any and all profits derived by defendant and all damages sustained by plaintiff by reason of defendant's acts of infringement,

    (vi) awarding to plaintiff compensatory damages in the sum of (a) three times the sum of defendant's profits plus (b) plaintiff's damages, with interest thereon;

  D. *on each Claim,* awarding to plaintiff its costs and disbursements of this action, including reasonable counsel fees, and granting to plaintiff such other, further and different relief as the Court may deem just and proper.

## JURY DEMAND

PLEASE TAKE NOTICE that plaintiff demands a trial by jury on all issues.

Dated: New York, New York
       March 30, 2017

*[signature]*
_____
PETER M. LEVINE (PML-7630)
Attorney for Plaintiff
444 Madison Avenue, Suite 410
New York, New York 10016
212-599-0009